# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**IN RE: SUNEDISON, INC., SECURITIES LITIGATION**

MDL No. 2742

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff Paul J. Gaynor in the Northern District of California action (*Gaynor*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 2742.  Defendants Ahmad Chatila and Brian Wuebbels oppose the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2742, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Transfer is warranted for the reasons set out in our order directing centralization.  In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions sharing factual questions arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition (*e.g.*, its liquidity, classification of debt, and internal financial controls), as well as the propriety of its public filings.  The centralized actions involved various transactions, offerings and statements made in the roughly ten-month period before SunEdison filed for bankruptcy relief.  *See In re: SunEdison Sec. Litig.*, 214 F. Supp. 2d 1350 (J.P.M.L. 2016).

Plaintiff in *Gaynor* is a former Executive Vice President of SunEdison.  He contends that he was improperly dismissed from employment in retaliation for expressing his concerns about the accuracy and propriety of SunEdison's public financial disclosures beginning in late summer 2015, particularly its deteriorating liquidity position, to defendants Chatila (the CEO and President of SunEdison) and Wuebbels (the Executive Vice President and CFO of SunEdison).  Plaintiff also contends that defendant Chatila defamed him by accusing him of doctoring internal financial records, misrepresenting certain First Wind earnout milestones, and blaming plaintiff for SunEdison's longstanding pattern of borrowing capital to pay for its financial mishaps.  This action clearly falls within the MDL's ambit, because it involves allegations related to SunEdison's liquidity and defendants' efforts to conceal the true state of that liquidity in the months preceding the company's bankruptcy.

Plaintiff opposes transfer primarily by arguing that his employment-related claims will be distinct from (and much narrower in scope than) the other complex securities cases in the MDL.

---

[*]   Judge Marjorie O. Rendell took no part in the decision of this matter.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

-2-

Plaintiff also argues that his action will take longer to resolve in the transferee court. We are not persuaded by these arguments. We have long held that "Section 1407 does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).[1] The significant events in *Gaynor*, without doubt, concern "factual issues arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition – *e.g.*, its liquidity, classification of debt [], and internal financial controls – and the alleged impropriety of its public filings." *In re: SunEdison*, 214 F. Supp. 3d 1350 (J.P.M.L. 2016). Indeed, some MDL cases contain detailed factual allegations concerning Plaintiff Gaynor's purported expressions of concern about the reliability of certain SunEdison cash position statements and projections.[2]

We also note that *Gaynor* will not be the only whistleblower action in the MDL. There already are two similar MDL whistleblower actions brought by former SunEdison executives, both transferred this year, one over plaintiff's objections.[3] Placing all related actions before the transferee court will allow for the streamlined resolution of this litigation while, at the same time, reducing the risk of inconsistent pretrial rulings and duplicative pretrial discovery.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Charles R. Breyer                Lewis A. Kaplan
Ellen Segal Huvelle             R. David Proctor
Catherine D. Perry

---

[1]   *See also In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) ("Regardless of any differences among the actions, all actions arise from the same factual milieu...").

[2]   *See, e.g., Horowitz v. SunEdison, Inc., et al.*, S.D. New York, C.A. 16-7917, Sec. Amend. Compl., doc. 138 at ¶¶ 157, 161, 162, 193; *Chamblee v. TerraForm Power, Inc., et al.*, S.D. New York, C.A. 16-8039, Sec. Amend. Compl., doc. 91 at ¶¶ 134, 136, 140.

[3]   *See Perez v. TerraForm Global, Inc., et al.*, D. Maryland, C.A. No. 17-cv-516 (filed Feb. 21, 2017; opposition to CTO withdrawn, action transferred to MDL on April 13, 2017); MDL No. 2742,Transfer Order, ECF No. 198 (J.P.M.L. May 31, 2017) (J.P.M.L. 2016) (transferring *Domenech* whistleblower action over plaintiff's objections).

**IN RE: SUNEDISON, INC., SECURITIES
LITIGATION**

MDL No. 2742

## SCHEDULE A

Northern District of California

GAYNOR v. CHATILA, ET AL., C.A. No. 3:16-6305